**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**ANSOR ALISHEROVICH MIRSAIDOV** **PETITIONER**

**V.** **CASE NO. 4:26-cv-00913-JM-JTK**

**DOE,** **RESPONDENT**
***Director, Field Office Director of***
***Enforcement and Removal Operations***

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This Recommendation for dismissal has been sent to Judge James M. Moody. Any party to this suit may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.

## I. Introduction

On September 3, 2026, Ansor Alisherovich Mirsaidov, a citizen and national of Uzbekistan, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. No. 1) In the petition, Mr. Mirsaidov challenged his detention by Immigration and Customs Enforcement ("ICE") and requested that this Court assume jurisdiction, prohibit his transfer outside this district while this petition is pending, issue an Order to Show Cause, require his immediate release, and declare his detention unlawful. *Id.* The petition alleged that Mr. Mirsaidov was in the physical custody of Respondents at the Bill and Hillary Clinton National Airport in Little Rock, Arkansas.

*Id.*

While this Court received the petition on the afternoon of September 3, 2026, Jackson Parish Correctional Center records indicate that Mr. Mirsaidov was booked into the facility that same day.[1] *See* U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *Online Detainee Locator System*, https://locator.ice.gov/odls/#/results (last visited September 9, 2026). Furthermore, the Bill and Hillary Clinton National Airport functions solely as a temporary holding facility for same-day flights, with no overnight detentions. Based on the foregoing information, Mr. Mirsaidov was presumably no longer present in this district at the time his petition was filed.

**II. Discussion**

District courts may issue writs of habeas corpus only "within their respective jurisdictions." 28 U.S.C. § 2241(a). A petitioner's § 2241 petition challenging his present physical confinement must name his custodian as respondent and must be filed in the district of confinement, because only a court located in the district of confinement has jurisdiction over the custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 442–44, 447 (2004) (in habeas challenges to present physical confinement, "the district of confinement is synonymous with the district court that has territorial jurisdiction over the proper respondent"); *see also Propotnik v. Putnam*, 538 F.2d 806, 807 (8th Cir.1976) (§ 2241 jurisdiction "lies either in the district of actual physical confinement or in the district where a custodian responsible for the confinement is present"; affirming § 2241 denial where petitioner was physically confined in another district and the named respondent was not his custodian) (citing *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1973)). Because Mr. Mirsaidov was transferred outside of this district at the time his petition was filed, this Court does not have

---

[1] This Court spoke personally with Officer Atkins at the Jackson Parish Correction Center in Jonesboro, Louisiana, who verified that Mr. Mirsaidov was booked on September 3, 2026.

jurisdiction over his custodian and his requests are moot.

**III. Conclusion**

For the reasons set forth above, IT IS RECOMMENDED that the Petition for Writ of Habeas Corpus (Doc. No. 1) be dismissed with prejudice.

DATED THIS 10th day of September, 2026.

UNITED STATES MAGISTRATE JUDGE